Andrew Skale (SBN 211096)
askale@mintz.com
Heather J. Silver (SBN 285509)
hjsilver@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiffs
FU2 PRODUCTIONS, LTD. AND CARDINAL FILM 11 INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FU2 PRODUCTIONS, LTD. AND CARDINAL FILM 11 INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCREEN MEDIA VENTURES LLC, <br><br> Defendants. | Case No. '17CV2200 H JLB <br><br> **COMPLAINT FOR:** <br> **(1) COPYRIGHT INFRINGEMENT** <br> **(2) UNJUST ENRICHMENT** <br> **(3) INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS** <br> **(4) UNFAIR COMPETITION** <br><br> **JURY DEMAND** |

Plaintiffs FU2 PRODUCTIONS, LTD. and CARDINAL FILM 11 INC. ("Plaintiffs") for their Complaint against Defendant SCREEN MEDIA VENTURES LLC, alleges and states as follows:

**THE PARTIES**

1. Plaintiff FU2 Productions is a Canadian limited company with its principal place of business located at 1625 Shelbourne St. SW, Calgary, Alberta T3C 2L2.

2. Plaintiff Cardinal Film 11 is a Canadian corporation with its principal place of business located at 5828 Jeanne Mance Montreal, Quebec H2V 4K8.

3. On information and belief, Defendant Screen Media Ventures, LLC

1

("Defendant" or "Screen Media") is a Delaware limited liability company with its principal place of business at 800 Third Avenue, 3rd Floor New York, NY 10022.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of complete diversity, with citizens of a foreign country asserting claims against a Delaware corporation with its headquarters in New York City, New York, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. In addition, because this actions arises under the copyright laws of the United States, this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

6. This Court has personal jurisdiction over Defendant because Defendant has extensive minimum contacts with the State of California, and as such the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Defendant has purposefully availed itself to the privileges and laws of California, and continuously, systematically, and purposefully conducted business within this District, including but not limited to offering for sale and selling digital media and the motion picture entitled "Fubar: Balls to the Wall" or "Fubar 2."

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeated availment and direction of their activities toward this district.

## FACTUAL BACKGROUND

8. Plaintiffs entered an agreement with Screen Media giving Screen Media a limited right to distribute the theatrical motion picture "FUBAR: BALLS TO THE WALL" ("Fubar 2") in the United States until April 2016.

9. On information and belief, Screen Media sold DVDs of Fubar 2 and made Fubar 2 available on digital streaming and downloading platforms including iTunes, Netflix, and YouTube.

10. On information and belief and without informing Plaintiffs, Screen Media also entered into an agreement with a third party in which Screen Media granted the third party the limited right to license Fubar 2 until February 2018 – nearly two years after Screen Media's rights expired – on Amazon digital streaming and downloading platforms, and Fubar 2 was made available on such platforms.

11. Within days of the expiration of Screen Media's rights to Fubar 2, David Lawrence, President of FU2 Productions, wrote to Screen Media to remind them that "Screen Media's rights to FUBAR II/FUBAR WALLS TO THE WALL have expired," and asking that Screen Media "ensure all online links to sales points are removed/and or disabled. (Including AMAZON Prime and Netflix.)"

12. Screen Media did not respond to Mr. Lawrence's email for several months and, on information and belief, did not take any steps to comply with Mr. Lawrence's request that Screen Media ensure that unauthorized access to Fubar 2 be disabled following the expiration of Screen Media's rights.

13. After expiration of Screen Media's rights, Plaintiffs learned that Screen Media was still selling DVDs of the movie in the United States. Accordingly, Plaintiffs wrote to Screen Media on March 29, 2017 and informed them that each sale or offer of sale of Fubar 2 after the expiration of Screen Media's rights constitutes and infringement of the Fubar 2 copyrights.

14. After expiration of Screen Media's rights, Plaintiffs also specifically learned that Fubar 2 was still available on several digital streaming and downloading platforms, including Amazon and iTunes. Accordingly, Plaintiffs contacted Amazon and iTunes to inform them that Fubar 2 was available on their platforms without the authorization of the proper owner of the relevant copyrights.

15. Plaintiffs are, and at all relevant times have been, the owner of United States Registered Copyright No. PA0001779907 in the Fubar 2 movie.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501 ET SEQ.

16. Plaintiffs reallege all allegations in this Complaint as if stated herein.

17. Plaintiffs exclusively own the valid copyright for the movie Fubar 2, U.S. Copyright Registration No. PA0001779907, which has a registration date of April 5, 2011 ("the Copyrighted Work").

18. Plaintiffs have fulfilled all requirements for registration of copyright in the Copyrighted Work, which is an original work of authorship. As the owner of these copyrights, Plaintiffs have the exclusive right to reproduce, prepare derivative works of, and distribute the Copyrighted Work.

19. Screen Media has made unauthorized copies, offers for sale and sales of the Copyrighted Work, including offers for sale and sales of the Copyrighted Work on DVD, on digital download, and via streaming platforms.

20. Screen Media's acts constitute copyright infringement.

21. As a result of Screen Media's infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to $150,000 in statutory damages pursuant to 17 U.S.C. § 504(c) for each instance of Screen Media's willful infringement of the Copyrighted Work. Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505. Plaintiffs is also entitled to its damages in an amount to be established at trial, but not less than $450,000 (USD).

22. The conduct of Screen Media is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money. Plaintiffs have no adequate remedy at law.

23. Pursuant to 17 U.S.C §§ 502 and 503, Plaintiffs are also entitled to injunctive relief prohibiting Screen Media from further infringing Plaintiffs' copyrights.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

24. Plaintiffs reallege all allegations in this Complaint as if stated herein.

25. Screen Media has benefitted and been unjustly enriched at the expense of Plaintiffs as a result of the conduct alleged above.

26. The conduct alleged above is such that, as between Screen Media and Plaintiffs, it is unjust for Plaintiffs to retain this benefit.

27. Plaintiffs is entitled to the amount of this benefit, to be determined at trial.

## THIRD CLAIM FOR RELIEF
## INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

28. Plaintiffs reallege all allegations in this Complaint as if stated herein.

29. Plaintiffs had valid business expectancies between itself and potential customers for the rights, including the distribution rights, to Fubar 2.

30. Screen Media knew of the existence of the valid business expectancies, relations, and likelihood of contracts between Plaintiffs and potential customers.

31. Screen Media, through the misconduct alleged herein, willfully and intentionally interfered with these business expectancies by misleading potential customers into believing that Screen Media was still an authorized distributor of Fubar 2.

32. Because of Screen Media's unlawful conduct, Plaintiffs was prevented from finalizing agreements with at least one third party, related to rights associated with Fubar 2.

33. Absent Screen Media's intentional misconduct, Plaintiffs would have realized these expectancies.

34. Screen Media knew that absent its conduct, Plaintiffs would have realized these expectancies.

35. As a direct and proximate result of Screen Media's conduct, Plaintiffs have suffered, and continue to suffer, damages and substantial losses in an amount to be determined at trial.

36. Plaintiffs are informed and believe, and on that basis allege, that Screen Media's actions were willful, intentional oppressive, deliberate and in bad faith, such that punitive damages are justified and reasonable, at an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### UNFAIR COMPETITION
### CAL. BUS. & PROF. CODE § 17200 ET SEQ.

37. Plaintiffs reallege all allegations in this Complaint as if stated herein.

38. Screen Media has engaged in unfair competition by the acts alleged above, including inter alia, selling DVDs of and digital and streaming access to the Fubar 2 movie to consumers who are unaware that they are buying and/or streaming unauthorized copies of Fubar 2 (in fact, leading consumers to unintentionally engage in infringement).

39. Screen Media's acts and omissions alleged above constitute unfair business practices because the harm of these business practices outweighs the utility, if any, of these business practices; constitute unlawful business practices because Screen Media's conduct is forbidden by multiple laws, including but not limited to 17 U.S.C. § 501 et seq., as well as the common laws, laws of the State of California and laws of the United States; and constitute fraudulent business practices are consumers are likely to be misled to believe they are buying and/or streaming authorized copies of Fubar 2. These practices are in violation of the California Business & Professions Code Sections 17200 et seq., which prohibit such unfair, unlawful, and fraudulent business acts.

40. As a direct and proximate result of Screen Media's wrongful acts, Plaintiffs have suffered and continue to suffer pecuniary loss and irreparable injury to its business reputation and goodwill. As such, Plaintiffs' remedies at law are not adequate to fully compensate for injuries inflicted by Screen Media and Plaintiffs are entitled to an order enjoining Screen Media's unfair, unlawful, and fraudulent business practices and thereby prohibiting Screen Media from continuing such acts of unfair competition.

41. Plaintiffs are also entitled to an order of restitution due to Screen Media's acts of unfair competition and unfair, unlawful, and fraudulent business practices.

42. Plaintiffs are informed and believe, and on that basis allege, that Screen Media's actions were willful, intentional oppressive, deliberate and in bad faith, such that punitive damages are justified and reasonable, at an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs FU2 Production and Cardinal Film 11, pray this Court awards:

1. Judgment in favor of Plaintiffs and against Screen Media on all claims;
2. An order temporarily and permanently enjoining Screen Media from the unfair competition and copyright infringement as set forth in this Complaint;
3. An order temporarily and permanently enjoining Screen Media from distributing, offering to sell and selling Fubar 2;
4. Compensatory damages in an amount to be determined at trial;
5. Screen Media's unjust enrichment and profits;
6. Statutory damages under 15 U.S.C. § 504 of at least $450,000 or such other amount as determined by the Court;
7. Exemplary and punitive damages in an amount to be determined at trial;
8. Restitution as allowed by law;

9. Pre-judgment interest at the legally allowable rate on all amounts owed;

10. Costs, expenses, and reasonable attorneys' fees pursuant to, among other 17 U.S.C. § 505, and/or the common law; and

11. Such other and further relief as the Court may deem just and proper.

Dated: October 30, 2017

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By *s/Andrew D. Skale*
Andrew Skale, Esq.
Heather J. Silver, Esq.

Attorneys for Plaintiffs
FU2 PRODUCTIONS, LTD. AND CARDINAL FILM 11 INC.

8

## **DEMAND FOR JURY**

Plaintiffs demand trial by jury on all issues triable as a matter of right at law.

Dated: October 30, 2017
        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

        By *s/Andrew D. Skale*
         Andrew Skale, Esq.
         Heather J. Silver, Esq.

         Attorneys for Plaintiffs
         FU2 PRODUCTIONS, LTD. AND CARDINAL FILM 11 INC.